UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SANDRA COOK,
                Plaintiff,

                                                          1:10-CV-0259
v.                                                         (GTS/ATB)

MICHAEL J. ASTRUE, Commissioner
 of Social Security,
                Defendant.
_____

APPEARANCES:                                 OF COUNSEL:

LAW OFFICE OF STEPHEN J. MASTAITIS, JR.   STEPHEN J. MASTAITIS, JR., ESQ.
   Counsel for Plaintiff
1412 Route 9P
Saratoga Springs, New York 12866

SOCIAL SECURITY ADMINISTRATION       SUZANNE M. HAYNES, ESQ.
OFFICE OF REGIONAL GEN. COUNSEL       Special Assistant Unites States Attorney
   Counsel for Defendant
26 Federal Plaza – Room 3904
New York, New York 10278

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court in this action, filed by Sandra Cook ("Plaintiff") against Social Security Commissioner Michael J. Astrue ("Defendant") pursuant to 42 U.S.C. § 405(g) seeking Social Security benefits, is the Report-Recommendation of United States Magistrate Judge Andrew T. Baxter, issued pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 72.3(c) of the Local Rules of Practice for this Court, recommending that Defendant's motion for judgment on the pleadings be granted, and this action be dismissed in its entirety. (Dkt. No. 18.) For the reasons set forth below, Magistrate Judge Baxter's Report-Recommendation is adopted in its entirety, and Plaintiff's Complaint is dismissed.

I.      RELEVANT BACKGROUND

   A.     Procedural History

Because neither party has objected to Part I of Magistrate Judge Baxter's Report-Recommendation, setting forth the procedural background of this action, the Court adopts that description of this action's procedural background. (*See generally* Dkt. No. 18, at I [Report-Rec].)

On November 7, 2006, Plaintiff applied for disability insurance benefits ("DIB") under the Social Security Act, based on back and neck impairments as well as carpal tunnel syndrome, which left her unable to work. (Administrative Transcript ["T."] at 14.)[1] On January 23, 2007, Plaintiff's application was denied by the Social Security Administration. (T. at 59-62.) Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ") of the Social Security Administration, which was held on March 3, 2009. (T. at 21-49.)

On April 9, 2009, the ALJ issued his decision denying Plaintiff's application. (T. at 12-20.) finding Plaintiff not disabled. (T. at 12-20.) In his decision, the ALJ applied the five-step sequential evaluation process for determining whether an individual is disabled,[2] and concluded

---

   [1]   "To be eligible for disability insurance benefits, a claimant must establish an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Dixie v. Comm'r of Soc. Sec.*, 05-CV-0345, 2008 WL 2433705 at *7 (N.D.N.Y. June 12, 2008) (Mordue, J.) (citation omitted).

   [2]   "In the first step, the ALJ determines whether the claimant has engaged in 'substantial gainful activity' since the alleged onset of the disability." *Doyle v. Astrue*, 08-CV-0641, 2009 WL 4893641, at *2 (N.D.N.Y. Dec. 15, 2009) (McAvoy, J.) (citing 20 C.F.R. § 404.1520[a][4][i]). "If not, the next inquiry is whether the claimant suffers from a medically determinable 'severe' impairment established by medical evidence including signs, symptoms and laboratory findings." *Doyle*, 2009 WL 4893641, at *2 (citing 20 C.F.R. at § 404.1520[a][4][ii], § 404.1528). "Severity is defined as significantly limiting an individual's physical or mental ability to do basic work activities." *Id*. (citing 20 C.F.R. at § 404.1521[a]).

that Plaintiff was not under a disability, as that term is defined under the Social Security Act. (*Id*.)

On January 6, 2010, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of Defendant. (T. at 1-4.) On March 5, 2010, Plaintiff commenced this action in federal court. (Dkt. No. 1.)

**B.   Parties' Briefing**

Generally, in her brief in support of her Complaint, Plaintiff asserts the following three arguments: (1) the ALJ's finding that Plaintiff has the Residual Functional Capacity ("RFC") to perform the full range of light work is not supported by substantial evidence; (2) the ALJ erred in failing to call a Vocational Expert; and (3) the ALJ failed to give proper weight to Plaintiff's treating physician and improperly analyzed Plaintiff's credibility. (Dkt. No. 13). Generally, in his brief in response to Plaintiff's brief, Defendant disagrees with each of these three arguments, and argues that the Commissioner's decision should be affirmed. (Dkt. No. 16.)

**C.   Magistrate Judge Baxter's Report-Recommendation**

On January 1, 2011, Magistrate Judge Baxter issued a Report-Recommendation recommending that Plaintiff's case be dismissed. Generally, in support of his recommendation, Magistrate Judge Baxter found as follows: (1) the ALJ properly analyzed Plaintiff's RFC and credibility; (2) the ALJ gave appropriate weight to the opinion of Plaintiff's treating physician;

---

"Should the claimant be suffering from a medically determinable severe impairment, the third step is to determine whether the impairment is listed, or is equal to any listing, in Appendix I, which specifies over 100 medical conditions that would prevent an individual from performing 'substantial gainful activity.'" *Id*. (citing 20 C.F.R. at §§ 404.1520[a][4][iii], 404.1525[a]). "If so, the individual is considered 'disabled' under the Act and the inquiry ends. *Id*. (citation omitted). "If not, the inquiry continues to the last two steps to determine whether the claimant has the [Residual Functional Capacity or "RFC"] to perform any past relevant work or other jobs that exist in the national economy, considering the claimant's age, education and work experience." *Id*. (citing 20 C.F.R. at § 404.1520[a][4][iv][v]; *Berry v. Schweiker*, 675 F.2d 464, 467 [2d Cir. 1982]).

3

and (3) because the ALJ found that Plaintiff could perform a full range of light work, it was not necessary to call a Vocational Expert. (Dkt. No. 18.)

## II.     APPLICABLE LEGAL STANDARDS

### A.     Standard of Review of Magistrate Judge Baxter's Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[3] When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments taken in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[4] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court

---

[3] On de novo review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[4] *See also Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. County of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

     **B.**    **Standard Governing Judicial Review of Defendant's Decision**

In Part III.A. of his Report-Recommendation, Magistrate Judge Baxter correctly recited the legal standard governing judicial review of Defendant's decision. (Dkt. No.18.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

**III.**    **ANALYSIS**

Objections to the Report-Recommendation have not been filed in this case, and the time in which to do so has expired. As a result, the Court need review the Report-Recommendation only for clear error. After carefully reviewing all of the papers in this action, including Magistrate Judge Baxter's Report-Recommendation, the Court concludes that Magistrate Judge Baxter's thorough Report-Recommendation is correct in all respects. (Dkt. No. 18.) Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the Court accepts and adopts Magistrate Judge Baxter's Report-Recommendation in its entirety for the reasons stated therein. (*Id*.)

    **ACCORDINGLY**, it is

    **ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 18) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

      **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 16) is **GRANTED**; and it is further

      **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: May 19, 2011
       Syracuse, New York

*/s/ Glenn T. Suddaby*
Hon. Glenn T. Suddaby
U.S. District Judge